**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Heriberto LEON–GIL, Defendant–
Appellant.**

**No. 02–50032.
D.C. No. CR–01–01936–TJW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Dec. 19, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,[*] District Judge.

MEMORANDUM[**]

Heriberto Leon–Gil appeals the district court's decision, over Leon–Gil's objection, to allow portions of Michael Breslin's testimony. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

A. *Rule 401 Objection*

Because the parties are familiar with the facts, we do not recite them here. Breslin's testimony was relevant because it made it less probable that Leon–Gil was on his way to work the morning he crossed the Mexico–United States border driving a vehicle that did not contain a lunch or work tools.[1] Leon–Gil told the border officials that he was on his way to work, giving himself an alternate purpose for crossing the border, other than for drug trafficking. He also testified that he would not have driven the car over the border if he would have known that the vehicle contained drugs. This placed directly at issue whether Leon–Gil was aware there were drugs in the vehicle he was driving and hence in fact on his way to work. Breslin's testimony had a tendency to prove that Leon–Gil was not on his way to work, inferentially saying that Leon–Gil was intentionally trafficking drugs. Thus, his testimony is relevant.[2]

B. *Rule 403 Objection*

The probative value of Breslin's testimony was not outweighed by the danger of unfair prejudice.[3] He testified to his direct observations that field workers usually carry a lunch or work tools and that the vehicle Leon–Gil was driving contained no similar items. This evidence could be helpful to the jury because jurors may not understand the usual customs and practices of field workers. The evidence is probative because it tends to disprove Leon–Gil's testimony that he was going to work.[4] The fact that Leon–Gil was harmed by Breslin's testimony is not sufficient to show that he was unfairly prejudiced, and Leon–Gil points to no other prejudice.[5]

Breslin's testimony was not equivalent to drug courier profile testimony that we

[*] The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review a district court's decision to admit relevant testimony for abuse of discretion. *United States v. Bensimon*, 172 F.3d 1121, 1130 (9th Cir.1999).

2. FED.R.EVID 401 (2001) (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

3. FED.R.EVID. 403 (2001) (excluding relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice"). We review a district court's ruling under Rule 403 for abuse of discretion. *United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir.2001).

4. *Cf. United States v. Alonso*, 48 F.3d 1536, 1542 (9th Cir.1995) (holding that testimony explaining how otherwise innocent behavior is really criminal conduct is not inherently prejudicial).

5. *See United States v. Simas*, 937 F.2d 459, 464 (9th Cir.1991) (holding that the defendant must show that the evidence was more than damaging to prove it was unfairly prejudicial).

have disallowed as substantive evidence of guilty. A drug courier profile is "a somewhat informal compilation of characteristics believed to be typical of persons unlawfully carrying narcotics."[6] "[D]rug courier profiles are inherently prejudicial because of the potential they have for including innocent citizens as profiled drug couriers ... every defendant has a right to be tried based on the evidence, ... not on the techniques utilized by law enforcement officials in investigating criminal activity."[7]

In contrast, Breslin's testimony neither imputed criminal motives to otherwise innocent activity, nor did it constitute his opinion of what a criminal looks like. It merely recounted his own experience of the tools and necessities commonly carried by field workers passing into the United States. It was clear from the opening statements that Leon–Gil's defense would be that he was an innocent field worker unaware of the drugs in his vehicle. Under these circumstances, the Government was entitled to introduce evidence to counter this theory. Therefore, the probative value of Breslin's testimony outweighed any potential for unfair prejudice. Accordingly, Breslin's testimony was admissible under Rule 403.

## C. *Breslin Not an Expert Witness*

Breslin was a proper lay witness, not an expert witness.[8] More specifically, Breslin was a percipient fact witness because he testified to his own common observations.[9] He observed, firsthand, that Leon–Gil's vehicle did not have any lunches or work tools in it.[10] Additionally, his observations of other field workers' vehicles was also based on firsthand knowledge. Breslin's testimony required no "scientific, technical, or other specialized knowledge" that required the Government to qualify Breslin as an expert.[11] Accordingly, Breslin was not an expert witness. Because Breslin provided proper Rule 701 lay opinion testimony, the district court did not commit error, much less plain error.

AFFIRMED.

---

6. *Reid v. Georgia*, 448 U.S. 438, 440, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980).

7. *United States v. Beltran–Rios*, 878 F.2d 1208, 1210 (9th Cir.1989) (citation and internal quotation marks omitted).

8. Because Leon–Gil did not object to Breslin's testimony on the ground that he was not qualified as an expert, we will reverse only if the district court committed a clear or obvious error that affected substantial rights or was prejudicial. *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir.1996).

9. *See United States v. Beckman*, 298 F.3d 788, 795 (9th Cir.2002) (holding that a "percipient fact witness," one testifying to direct evidence and from personal knowledge, is not an expert).

10. *See* Fed R. Evid. 701 (2001), providing:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

11. Fed R. Evid. 702 (2001).